GEORGE W. CARROLL *vs.* THE SHETUCKET REALTY COMPANY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 13th—decided July 16th, 1934.

*George C. Morgan,* for the appellant (plaintiff).

*Arthur M. Brown,* with whom, on the brief, was *Charles V. James,* for the appellee (defendant).

PER CURIAM. The plaintiff owned certain shares of stock of the defendant The Shetucket Realty Company which he transferred to the defendant George W. Carroll, Jr. The company is in process of liquidation and

a considerable sum of money is being held by it to be paid to the owner of the stock in question. The plaintiff brought this action in the nature of an interpleader claiming that the beneficial interest in the stock belonged to him. The trial court found that the plaintiff had given it to his son. The testimony was conflicting and the finding has ample support in the evidence of the son. The plaintiff, however, contends that the trial court did not properly weigh the evidence. The testimony of the plaintiff was by a deposition taken in California, whereas the son appeared in person. The trial court in its memorandum of decision commented upon the fact of the plaintiff's failure to appear as a witness and upon the impression of veracity which the son had made. The weight to be given to the evidence of any particular witness often depends upon the impression he gives of honesty and accuracy and necessarily when a witness testifies by deposition he loses the opportunity of creating a favorable impression of that nature. It is inherent in a situation of sharp conflict in the testimony of the parties to the action, where they are substantially the only witnesses as to the essential issue, as was the situation here, that the party who gives his evidence by deposition is put at a disadvantage. The trial court went no farther in its memorandum than to recognize that fact, except perhaps for a suggestion that, had the plaintiff seen fit to appear, any disadvantage of this nature would have been avoided. We cannot find error in the manner in which the trial court weighed the evidence. 23 C. J. p. 38. So far as the other assignments of error find support in the record they are without merit and there is no need to consider claims first appearing in the briefs of counsel.

There is no error.